City of Scranton and Gallagher-Bassett Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Cimoch), Respondents.

Adeline Cimoch, Widow of Edward Cimoch, Petitioner *v.* Workmen's Compensation Appeal Board (City of Scranton), Respondents.

Argued December 10, 1984, before Judges WIL-LIAMS, JR. and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*William J. Hall,* with him, *James A. Doherty, Jr.,* for petitioner/respondent, City of Scranton.

*Paul A. McGlone,* for petitioner/respondent, Adeline Cimoch, widow of Edward Cimoch.

Opinion by Judge Palladino, March 4, 1985:

The City of Scranton (City) and its insurance carrier, Gallagher-Bassett Insurance Company, and Adeline Cimoch (Claimant) have appealed an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the referee granting death benefits to Claimant, the widow of Edward Cimoch (Decedent). We affirm.

Decedent was employed as a golf course superintendent at the Scranton Municipal Golf Course. On April 7, 1980, Decedent sustained fatal injuries while attempting to extinguish a fire on the golf course. Claimant filed a fatal claim petition for death benefits for herself and her minor child, in which she alleged that Decedent was an employee of the City at the time of his death. The referee determined that (1) Decedent suffered an injury resulting in death while in the course of his employment with the City and (2) that the City was liable for Claimant's counsel fees. On appeal, the Board affirmed the referee's award of benefits but reversed the award of counsel fees. This appeal followed.

Before this Court the City contends (1) that Decedent was not an employee of the City but rather was an employee of the Scranton Municipal Golf Course Commission (Commission) and (2) that the referee erred when he included the value of Decedent's Blue Cross/Blue Shield coverage in determining Decedent's average weekly wage. Claimant appeals the Board's reversal of the referee's award of counsel fees.

A claimant has the burden of proving his right to benefits. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.

2d 367 (1979). And where, as here, the party with the burden of proof prevails before the referee, and the Board takes no additional evidence, our scope of review is limited to determining whether any constitutional rights were violated or an error of law was committed or whether a necessary finding of fact was unsupported by substantial evidence. *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).

With respect to the issue of whether Decedent was an employee of the City, the question of whether an employer-employee relationship exists is one of law, based upon findings of fact. *Workmen's Compensation Appeal Board v. Dupes,* 24 Pa. Commonwealth Ct. 47, 353 A.2d 908 (1976). While there is no set formula for determining the existence of an employer-employee relationship, this Court has held that the key element is the right to control the manner in which work is performed. *Frederico Granero Co. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 308, 402 A.2d 312 (1979). However, each case must be decided on its own facts. *Pennsylvania Manufacturers' Association Insurance Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 588, 418 A.2d 780 (1980).

In the instant case, the record establishes that the City leases the lands occupied by the golf course from the Scranton Municipal Recreation Authority (Authority) which was created by the City. According to the lease agreement, the City agreed to operate and maintain the golf course as well as carry any necessary insurance in connection with its operation and maintenance. To supervise the operation and management of the golf course, the City, by ordinance, established the Commission. The ordinance

empowered the Commission to engage personnel and fix the salaries of employees. The ordinance further required that income from the golf course be deposited in the City treasury and that withdrawals be countersigned by the City controller.

The mayor of the City appointed the members of the Commission whose service was strictly voluntary. The Commission hired Decedent, had the right to fire him and had control over his daily activities. Decedent's salary was determined by the Commission, however, he was paid by checks signed by the mayor and the City treasurer. Moreover, Decedent was included in the City's pension fund and participated in the medical insurance program available to City employees.

Here, the City argues that because the Commission hired Decedent, retained the right to fire him and had the right to control the manner in which he performed his work, the Commission was Decedent's employer. We disagree. According to the lease agreement between the City and the Authority, the City undertook to operate and maintain the golf course. To fulfill this function, the City, by ordinance, created the Commission. We do not view the Commission as an entity separate and apart from the City. Rather, the Commission is the City. Thus, the Board did not commit an error of law in concluding that Decedent was an employee of the City at the time of his injury.

The City next contends that the referee erred by including the value of Decedent's Blue Cross/Blue Shield coverage in his determination of Decedent's average weekly wage. However, this issue was not raised before the Board and this Court is therefore precluded from considering it on appeal. *Asten Hill Manufacturing Co. v. Workmen's Compensation Ap-*

*peal Board,* 56 Pa. Commonwealth Ct. 20, 423 A.2d 1135 (1981).

Finally, Claimant contends that because the City had not established a reasonable basis for contesting her claim, she is entitled to counsel fees under Section 440 of The Pennsylvania Workmen's Compensation Act.[1] Under Section 440, the denial of counsel fees is proper only where the employer has a reasonable basis for the contest. *Kane v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 192, 435 A.2d 312 (1981). Whether an employer's contest is a "reasonable one" is a question of law. *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 382, 413 A.2d 17 (1980). The primary question in determining the reasonableness of an employer's contest is whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Landis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 491, 402 A.2d 723 (1979). We view the issue of whether an employer-employee relationship existed between the City and Decedent as a legitimate and reasonable subject of inquiry and challenge and thus affirm the Board's denial of counsel fees.

Order affirmed.

## ORDER

AND Now, this March 4, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996.