520 A.2d 555

Robert A. White, Petitioner *v.* Workmen's Compensation Appeal Board (Gateway Coal Company and The Hartford), Respondents.

Submitted on briefs March 14, 1986, to Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*Gary D. Mongahan, Davis & Davis,* for petitioner.

*Noble R. Zuschlag, Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE BLATT, January 30, 1987:

On August 8, 1983, a worker's compensation referee awarded temporary total compensation to Robert A. White (petitioner) for a work-related ankle injury, but denied his request for an award of attorney's fees against his employer, Gateway Coal Company, and also, re-

duced, *sua sponte,* the amount of chiropractic[1] fees which the petitioner claimed from $815 to $375. Upon the petitioner's appeal, the Workmen's Compensation Appeal Board (Board) affirmed the denial of the attorney's fees and the reduction of the chiropractic fees. It is this Board order which is now before us on review.

The petitioner initially contends that the compensation authorities erred[2] in refusing to order the employer to pay his attorney's fees.

A denial of attorney's fees is proper only when the employer has a reasonable basis for contesting the claim.[3] *City of Scranton v. Workmen's Compensation*

---

[1] Chiropractic services are properly compensable under Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531. *Workmen's Compensation Appeal Board v. Overmyer Mold Co.,* 473 Pa. 369, 374 A.2d 689 (1977).

[2] Our limited review here includes, *inter alia,* legal error. *See* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704 and *Estate of McGovern v. State Employee's Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

[3] Section 440 of the Act, 77 P.S. §996, provides that:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensa-

*Appeal Board (Cimoch)*, 88 Pa. Commonwealth Ct. 64, 488 A.2d 648 (1985). And, of course, whether or not an employer's contest has a reasonable basis is a question of law. *Id*. Furthermore, in determining the reasonableness of an employer's contest, the primary question is whether or not the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Id*.

The petitioner concedes that, even where, as here, the employer produces no contradictory evidence as to injury or disability, the employer may, nonetheless, establish a reasonable basis for contesting a claim solely by evidence adduced on cross-examination. *Cavanaugh v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 495, 413 A.2d 442 (1980). He argues, however, that there is nothing in this record which can be construed to establish the requisite reasonable basis. We disagree.

As the employer's brief correctly observes, its physician, who had originally treated the petitioner, released him to return to work approximately two weeks after the occurrence of the injury. We believe that this fact presents a circumstance which could reasonably motivate an employer to contest a claim in order to ascertain the proper period of disability. We must conclude, therefore, that the denial of the petitioner's request for the assessment of his attorney's fees against the employer was proper.

The other issue raised by the petitioner is the propriety of the referee's *sua sponte* reduction of the

---

tion awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

chiropractic fees which the petitioner sought from the employer.

Neither party has cited us to any direct precedent on this question, nor has our own research revealed any. Recently, however, we affirmed a Board order which reversed a referee's *sua sponte* award of attorney's fees. *Daugherty v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.)*, 97 Pa. Commonwealth Ct. 142, 510 A.2d 147 (1986). Inasmuch as Section 440 does not expressly refer to petitions for the assessment of attorney's fees[4] and the section of the Act relating to medical fee challenges, Section 306(f)(2)(ii) does explicitly provide employers with the right to petition the compensation authorities to determine the reasonableness of the medical fee,[5] we believe that fairness demands that employers objecting to medical fee reimbursement requests from claimants be placed on equal footing with claimants seeking reimbursement for attorney's fees from their employers. We conclude, therefore, that an employer petition challenging the medical fees is necessary before a referee may address that issue.

In the matter *sub judice*, the employer filed no such petition, never challenged the reasonableness of the chiropractic bills submitted by the petitioner, and did not object when those bills were introduced into evidence. Accordingly, we conclude that it was error for the referee, on his own initiative to reduce the medical fee

---

[4] See note 3.

[5] Section 306(f)(2)(ii), 77 P.S. §531(2)(ii), pertinently provides:
The employer shall have the right to petition the department of review of the necessity or frequency of treatment on reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. . . .

award and that that portion of the Board's order affirming the reduction must be reversed.

We will affirm, therefore, the order of the Board, insofar as it denies the petitioner's request for the assessment of his attorney's fees against the employer, and we will reverse, insofar as the Board's order permitted the reduction of the chiropractic fees.

ORDER

AND NOW, this 30th day of January, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter, insofar as it denies the petitioner's request for the assessment of his attorney's fees against the employer, is affirmed. And, insofar as it affirms the referee's *sua sponte* reduction of the petitioner's chiropractic fees, the Board's order is reversed and the full amount of such chiropractic fees shall be paid by the employer.