526 A.2d 839

Milton Weiss, t/a Atlas Heating and Cooling, Petitioner *v.* Workmen's Compensation Appeal Board (Birch), Respondents.

Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Lee M. Herman,* with him, *Brian R. Steiner, Steiner and Segal,* for petitioner.

*Robert F. Kuhn,* with him, *Eli N. Donsky, Donsky, Levin & Dashevsky, P.C.,* for appellee, Stanford Birch.

*Thomas R. Bond, LaBrum & Doak,* for appellee, Allstate Insurance Company.

OPINION BY JUDGE BLATT, May 28, 1987:

Milton Weiss, trading as Atlas Heating & Cooling (employer), petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which dismissed his appeal and affirmed a referee's decision which awarded compensation to Stanford Birch (claim-

ant). The Board also assessed penalties and attorney fees against the employer and released the workmen's compensation insurance carrier, the Allstate Insurance Company (Allstate), from liability.

Near the end of his workday on April 17, 1978, while in the course of his employment with the employer, the claimant fell from a ladder and injured his right knee. He reported the injury to the employer that same day, upon his return to the employer's business location.

After receiving initial medical treatment at the Torresdale Medical Center, the claimant was referred to a Dr. Cautilli, who attempted to have him admitted to the Nazareth Hospital (Nazareth). Nazareth, however, refused admission because of the employer's lack of medical insurance or workmen's compensation insurance.

Subsequently, the claimant came under the care of a Dr. Blaker, who referred him to the Jefferson University Hospital (Jefferson) for an arthrogram examination, in which he was found to have an abnormality of the medial femoral condyle, with a diagnosis of Osteochondritis Dissecans. Thereafter, he came under the care of a Dr. Beller, who, in his examination, found right knee pain with some form of internal derangement and significant organic atrophy of the right thigh and calf. Dr. Beller suggested to the claimant that he avoid heavy work in regard to lifting, climbing, squatting and prolonged standing, and on Dr. Beller's further instructions, the claimant underwent arthroscopic surgery, after which Dr. Beller found post-traumatic permanent joint surface damage to the articular cartilage of the claimant's right knee.

The claimant's September 25, 1978 petition was assigned to Referee Jackson,[1] but, after several exten-

---

[1] Referee Jackson issued preliminary orders to the employer and Allstate during the course of the proceedings before him. These

sive hearings, it was transferred to Referee Perry, who conducted several more hearings and rendered the decision from which the present petition for review arose. Referee Perry pertinently concluded that the claimant was temporarily, though totally, disabled from April 18, 1978 through June 11, 1981.[2]

As noted above, the claimant had been refused admission to Nazareth because of the employer's lack of medical and workmen's compensation insurance. And, as found by Referee Perry, the employer had been without workmen's compensation coverage, due to nonpayment of premiums, as of the date of the claimant's injury, even though Allstate had notified the employer of a potential lapse in coverage well in advance of the coverage termination date. Referee Perry based this factual determination on the testimony of the witnesses presented by Allstate at the several hearings. Referee Perry also specifically rejected the testimony of the employer's witness as unworthy of credibility on this issue.

Based on the foregoing, Referee Perry concluded that the employer had violated the provisions of Section 305 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §501 (effect of, and penalties for, an employer's failure to provide its employees with workmen's compensation coverage), and concluded, therefore, that the em-

---

orders were appealed to the Board which disposed of them without further appeal. A complete recitation of the events generating such orders is not relevant to the issues now before us.

[2] Referee Perry found and concluded, based on substantial record evidence, that the employer offered suitable light duty work to the claimant as of June 12, 1981, at wages equal to, or greater than, his wages at the time of his injury. Accordingly, Referee Perry also suspended compensation as of June 12, 1981. The Board affirmed this determination and the claimant did not file a petition for review, in the nature of a cross-appeal. We, therefore, will not review this issue.

ployer was liable to the claimant for the statutory penalty for non-coverage as prescribed in Section 435 of the Act, 77 P.S. §991. Referee Perry also concluded that the employer's contest of the claimant's eligibility was unreasonable, and assessed the claimant's attorney fees against the employer pursuant to Section 440 of the Act, 77 P.S. §996. Finally, Referee Perry released Allstate from all liability in this matter.

On review, the employer does not challenge the administrative determination of the claimant's eligibility for compensation. Rather, he challenges only the coverage issue and the assessment of the Section 435 penalties and the attorney fees. Accordingly, we will address these questions in the order presented.

Under a general allegation of error,[3] the employer posits a three-pronged argument on the matter of coverage. Initially, he contends that, in light of the testimony of Mrs. Carlye Weiss, who is his wife and office manager, who was responsible for paying the workmen's compensation insurance premiums, and the testimony of his Allstate agent, Mr. Faraco, both Referee Perry and the Board erred in concluding that the employer's workmen's compensation policy (policy) had lapsed. The employer also proffers the theory that Allstate should be estopped from denying coverage because the testimony of Mrs. Weiss and Mr. Faraco demonstrates that the employer had been induced by Mr. Faraco to rely on the latter's representation that if certain partial premium payments were made, the coverage would continue without lapse. Finally, the employer argues that the policy should be held to have been in effect at

---

[3] Our review is limited to determining whether or not constitutional rights have been violated, an error of law has been made or a necessary finding of fact is not supported by substantial evidence. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.)*, 104 Pa. Commonwealth Ct. 175, 521 A.2d 503 (1987).

the time of the claimant's injury because Allstate allegedly waived its right for strict compliance with the policy's provisions, which required prompt premium payment, because of the asserted misleading information supplied by Mr. Faraco.

We must decide these questions contrary to the employer's position, however, because each, in essence, is a challenge to Referee Perry's resolution of the testimonial conflicts in the record. And, as the law provides, such determinations, when supported by substantial record evidence as they are here, are the sole province of the referee. *Borough of Rochester v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 514, 409 A.2d 918 (1980).

The employer argues, too, that the Board erred in deferring to Referee Perry's credibility determinations as to the coverage issue. This argument is premised on a theory that, inasmuch as Referee Perry did not conduct all of the hearings in this case, his credibility determinations are not worthy of the deference usually accorded to a referee's decision. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). We must reject this argument, however, because Section 415 of the Act, 77 P.S. §851, specifically provides that:

> [a]t any time before an award or disallowance of compensation an order has been made by a referee to whom a petition has been assigned, the department may order such petition heard before any other referee. Unless the department shall otherwise order, the testimony taken before the original referee shall be considered as though taken before the substituted referee.

Moreover, our Supreme Court has recently approved such deference as is questioned here under similar circumstances in *Arena v. Packaging Systems Corp.,* 510

Pa. 34, 37 n. 2, 507 A.2d 18, 19-20 n. 2 (1986). We believe that, under Section 415, the *Arena* rationale applies with equal force to the circumstances now before us, and conclude that the Board did not err by not making an independent credibility determination here.

The final issue before us is the propriety of Referee Perry's imposition of Section 435 penalties and attorney fees against the employer, who contends that the Section 435 penalties should be stricken because of an alleged denial of due process for the lack of a hearing on the matter. The claimant counters that a separate hearing specifically devoted to this issue is unnecessary under *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979) (due process is satisfied if a claimant requests penalties in conjunction with another proceeding and the employer is permitted to respond). We must agree, however, with the employer on this point. Our diligent search of this voluminous record has failed to disclose any such request and proceedings. Moreover, the claimant's brief to us, which asserts that the issue was argued before the referee (without specification as to *which* referee is meant), fails to cite us to the point in the proceedings before either referee at which the question allegedly was raised and contested.[4] We must, therefore, reverse the administrative award of Section 435 penalties.

In regard to the employer's liability for the claimant's attorney fees, we note that such a petition may be de-

---

[4] There is a discrepancy between the hearing dates listed in Referee Perry's decision and the transcripts which were certified to us by the Board, *i.e.*, the certified record contains no transcript for a February 15, 1979 hearing. Inasmuch as no objection has been made to the contents of the certified record, however, we are not disposed to delay the final resolution of this matter any further by requiring that the missing transcript be provided.

nied only when the employer's contest has a reasonable basis. *City of Scranton v. Workmen's Compensation Appeal Board (Cimoch)*, 88 Pa. Commonwealth Ct. 64, 488 A.2d 648 (1985). And, of course, the determination of the reasonableness of a contest is a question of law, turning on the resolution of the question of whether or not the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Id.* The employer here relies on the insurance coverage issue to create the requisite reasonable basis for contesting the claimant's eligibility. We believe, however, that, given the humanitarian and remedial purposes of the Act, and the liberal construction which we must apply to its provisions, *Workmen's Compensation Appeal Board v. Overmyer Mold Co.*, 473 Pa. 369, 374 A.2d 689 (1977), such a reason is insufficient here. We will, therefore, affirm the Board's order as to attorney fees.

## Order

And Now, this 28th day of May, 1987, the order of the Workmen's Compensation Appeal Board, insofar as it pertains to the liability of Milton Weiss, trading as Atlas Heating & Cooling, for the compensation to which Stanford Birch has been determined to be eligible is affirmed. Insofar as it pertains to the liability of Allstate Insurance Co., the Board's order is also affirmed. Insofar, however, as the Board's order pertains to the imposition of Section 435 penalties against Milton Weiss, trading as Atlas Heating & Cooling, it is reversed. But, insofar as the Board's order pertains to the liability of Milton Weiss, trading as Atlas Heating & Cooling, for the attorney fees of Stanford Birch in this matter, the Board's order is affirmed.