530 A.2d 530

Joseph T. Buckley, Petitioner *v.* Workmen's Compensation Appeal Board (Corbo's AM PM Mini Market), Respondents.

Argued June 9, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Emeline L.K. Diener,* for petitioner.

*Sue Ellen Jurman,* with her, *Charles S. Katz, Jr.* and *Jan M. Ritchie, Swartz, Campbell & Detweiler,* for respondent, Corbo's AM PM Mini Market.

OPINION BY JUDGE DOYLE, August 31, 1987:

This is an appeal by Joseph T. Buckley (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision, which granted Claimant total disability benefits from May 20 through September 14, 1984; terminated compensation on September 15, 1984; granted payment of some of Claimant's medical expenses, but denied others; and denied Claimant's request for attorney's fees under Section 440 of The Pennsylvania Workmen's Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996. Section 440 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

The referee found that Claimant had been employed as a clerk by Corbo's AM PM Mini Market (Employer) when, on December 29, 1983, he slipped and fell on a small piece of meat during the course of his employment. In so doing he twisted his back, which became sore immediately. At the time of this incident Claimant was employed concurrently by John Wanamaker Company (Wanamaker's) as a carpet salesman. Claimant did not file his claim petition until September 4, 1984, because he lost no significant amount of time from work *due to the fall* until that date.

The referee further found that Claimant's normal pre-injury duties with Employer were in the nature of light work and that when he returned to work after December 29, he was able to perform his normal duties without evidence of disability. However, Claimant was terminated by Employer at the end of March 1984 because of a $130 overage in his cash drawer; he was not terminated because of his disability. The referee specifically found, "[c]laimant did not leave his job with [Employer] because of the compensable injury of December 29, 1983 having been discharged for other reasons."[2] Following his discharge by Employer, Claimant continued nevertheless to work at his other position at Wanamaker's. On May 14, 1984, however, Claimant went to the emergency room of the Bryn Mawr Hospital because of pain and numbness in his right leg, and on May 24, 1984, he was admitted to that hospital and subsequently underwent back surgery for a herniated disc.·

The referee determined that Claimant's December 29 fall rendered him totally disabled on May 20, 1984, and that his disability continued through September 14, 1984, at which time, on September 15, 1984, Claimant

---

[2] Referee's finding of fact No. 9.

returned to his job at Wanamaker's, and further found that Claimant would have been capable of performing his regular duties with Employer had he not been fired. The referee also awarded Claimant only $1,075 out of $10,697 in medical expenses sought, providing no explanation for his disallowance of the rest. Finally, attorney's fees were denied, the referee having concluded that a reasonable basis existed for the contest.

Claimant presents four issues for our consideration and we shall examine them keeping in mind that our scope of review is limited to determining whether there has been a constitutional violation or an error of law, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Credibility matters are for the referee, and in making credibility determinations, he may accept or reject the testimony of any witness in whole or in part. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.),* 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985).

Claimant's first assertion is that based upon the evidence presented, the proper remedy was to *suspend,* not *terminate,* his benefits as of September 15, 1984. It is well-established that a doctor's unequivocal opinion that disability has *ceased* will support a decision to *terminate* benefits. *Stiffler v. Workmen's Compensation Appeal Board (Great A & P Tea Co.),* 73 Pa. Commonwealth Ct. 300, 458 A.2d 634 (1983) (citing *Fashion Prints v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 250, 425 A.2d 1221 (1981)). In contrast, unequivocal medical evidence of a doctor establishing that an employee is still partially disabled, but can return to work, supports an action for *suspension* of benefits. *Stiffler* (citing *Mickles v. Workmen's*

*Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 112, 428 A.2d 1035, 1036 (1981)). *See also United States Steel Corp. v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 502, 437 A.2d 92 (1981) (where claimant demonstrated partial disability that had not manifested itself in loss of earning power, Board acted properly in entering a suspension).

Here, the referee pertinently found: "As of September 11, 1984 Claimant was able to return to his usual work activities with [Employer], which were light in nature from their inception, and his disability as a result of the injury of December 29, 1983 terminated." The referee then concluded: "As of September 15, 1984 Claimant was able to return to his usual work activities with [Employer], which work was light and nonstrenuous to begin with so he no longer suffered residual disability from performing that job."

The *only* medical testimony on this issue to support the referee's finding and conclusion is that of Claimant's treating physician, Dr. Adams, who stated in the record that, while Claimant could return to work, he had *not* recovered from his disability. On cross-examination this witness opined:

Q: Now, do—did you feel at that time that he would be able to return to work in one week to the job as a clerk at an AM/PM Mini Market?

A: Yes. I felt that he was capable of returning to work, but he had to limit his activities so he wouldn't do any heavy lifting, et cetera, as I stated before.

. . . . .

I would simply say that I felt he could return to work if he didn't have to do any lifting over approximately twenty pounds, and didn't have to

stand for prolonged periods of time, over a couple hours, or do any strenuous bending or climbing, etc.

Deposition of Dr. Adams pp. 30, 31.

Employer relies upon this testimony as a basis for the termination of Claimant's benefits. We hold, however, that as a matter of law this testimony can establish only the basis for a suspension, because it clearly indicates only that Claimant could return to work, not that his disability has ceased. Accordingly, we agree that the referee erred in granting a termination of benefits. He should properly have entered a suspension, and we shall remand for the Board to do so.

Claimant's next contention is that denial of reimbursement for the major portion of his medical bills was in error. The referee denied without explanation the vast majority of those bills, all of which had been admitted into evidence without objection.[3] Claimant theorizes that the bulk of the expenses were denied because they were paid by Claimant's wife's insurer. Although a remand is required for purposes of factual findings on why these costs were denied, we will discuss the applicable case law on this issue in the interest of judicial economy, should such law be relevant after findings are made on remand.

It is clear that under *Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service)*, 100 Pa. Commonwealth Ct. 33, 514 A.2d 246 (1986), payment by a carrier unrelated to a Claimant's employment cannot serve to preclude payment by Employer's carrier.

---

[3] Although Claimant specifically appealed this issue to the Board, the Board apparently was confused and thought that *Employer* had appealed on this issue. The Board's opinion indicates that Employer "has alleged error because the referee awarded the payment of medical expenses in his decision."

*See also Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons),* 105 Pa. Commonwealth Ct. 325, 524 A.2d 1016 (1987). Employer concedes the rule in *Humphrey,* but asserts that it should follow the general rule and be given prospective application only, "Since this Court in *Humphrey* articulated a *new* rule of law. . . ." (Employer's brief at 13; emphasis added). The difficulty with this argument, however, is that *Humphrey* was *not new law,* but, as stated on the previous page of Employer's brief, "[u]nder the applicable case law at the time of the referee's decision, *it was not clear* that claimant was entitled to reimbursement for moneys which he had not paid." (Employer's brief at 12; emphasis added). Moreover, it is well-settled that the test for determining whether decisional law overruling clear precedent should be applied prospectively or retrospectively is whether the case articulates a new and *unforeshadowed* rule of law. *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 98 n. 3, 460 A.2d 237, 239 n. 3 (1983). It is apparent from reading *Humphrey* that its outcome was clearly foreshadowed in *General Tire and Rubber Co. v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 473, 332 A.2d 867 (1975) and, therefore, even if *Humphrey* were considered to be new law overruling clear precedent, it would be applied retrospectively.

Next, Claimant asserts that the referee erred in denying Claimant partial disability benefits for the period after he was terminated by Employer, but before he was determined to be totally disabled (*i.e.,* April and May of 1984). There appears to be no dispute that during this period of time Claimant continued to work for Wanamaker's, but earned less than if he had also continued to work with Employer, *i.e.,* worked two jobs rather than one. Although Claimant presented testimony of physical symptoms during this period, the referee obvi-

ously chose not to credit his testimony, and it was within his province to do so. *Smith*. Indeed, he specifically found as fact No. 10, "[a]s a result of his back injury of December 29, 1983 Claimant was *initially* disabled on May 20, 1984 which disability continued through September 14, 1984." (Emphasis added.) Even if Claimant were found to be partially disabled, however, he would still not be entitled to benefits because the referee determined that his termination was not as a result of his disability. *See Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa. Commonwealth Ct. 508, 512 n. 4, 471 A.2d 1304, 1306 n. 4 (1984); *Workmen's Compensation Appeal Board v. John W. Galbreath & Co.*, 20 Pa. Commonwealth Ct. 283, 341 A.2d 541 (1975) (both indicating that once terminated for willful misconduct and not because of disability, a claimant is not entitled to benefits). Thus, we affirm this portion of the Board's order.

Finally, Claimant asserts that the referee committed legal error in denying him attorney's fees pursuant to Section 440 of the Act. Such fees are properly denied only when the Employer has a reasonable basis for contesting the claim. *City of Scranton v. Workmen's Compensation Appeal Board (Cimoch)*, 88 Pa. Commonwealth Ct. 64, 488 A.2d 648 (1985). Whether the contest is a reasonable one is a question of law. *Id*. In assessing reasonableness, the primary inquiry is whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Id*. Here, the referee specifically credited the testimony of one of Claimant's co-workers who stated that Claimant had complained about his back *prior to* his December 29 fall. We hold that such a finding demonstrates a reasonable basis for the contest and, accordingly, affirm the denial of attorney's fees.

Based upon the foregoing, the order of the Board is reversed in part, affirmed in part, and vacated and remanded in part.

ORDER

Now, August 31, 1987, the order of the Workmen's Compensation Appeal Board, No. A-90992, dated August 1, 1986, is hereby reversed insofar as it terminated Claimant's benefits, vacated insofar as it denied Claimant's medical bills and affirmed insofar as it denied partial disability benefits and attorney fees. The case is remanded for entry of an order suspending Claimant's benefits and for additional findings and entry of an order on the issue of Claimant's medical bills.

Jurisdiction relinquished.