629 A.2d 312

HARMON MINING COMPANY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (HAAS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1993.

Decided July 27, 1993.

Reargument Denied Sept. 10, 1993.

Lori Ann Gala, for petitioner.

Edward J. Abes, for respondent.

Before COLINS and PELLEGRINI, Judges, and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Harmon Mining Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) awarding Pennsylvania Workmen's Compensation benefits [1] to Leo Haas (Claimant).

Claimant worked for Employer as a mechanic's helper and welder. On October 22, 1986, Claimant filed a claim petition with the Bureau of Worker's Compensation claiming he had sustained a work-related back injury rendering him totally disabled. Employer filed an answer denying the claim.

At the hearing before the Referee, Claimant testified that as part of his duties, he was required to lift various pieces of machinery weighing between 50 and 125 pounds. According

1. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

to Claimant, on July 29, 1986, he lifted a gear to throw onto the back of a truck and pulled the lower left side of his back. After finishing his shift that day, Claimant sought medical attention from Dr. Charles Hale Marks, an osteopathic physician from whom he had been receiving medical treatment since July of 1984 for a previous back injury.[2] Claimant testified he returned to work the next day, but on July 31, 1986, because of intolerable pain, he left work early and immediately sought the attention of Dr. Marks. Claimant testified Dr. Marks advised him at that time not to return to work.

Dr. Marks testified that Claimant suffered a work-related lumbo-sacral strain on July 29, 1986, and was disabled by this injury. Dr. Marks testified that when he last examined Claimant on June 23, 1987, Claimant suffered from only a residual work-related disability at that time that would not have precluded him from returning to work. However, Dr. Marks further testified that Claimant had a pre-existing congenital anomaly of the spine and arthritis that prevented Claimant from returning to his pre-injury job.

Employer presented the March 26, 1987 report of Dr. John M. Karian, a neurosurgeon, in support of its contention that Claimant was not disabled. Dr. Karian, after conducting a neurological examination of Claimant, concluded that even though Claimant had a probable history of lumbo-sacral strain and possible sacroiliitis, his work-related injury had resolved itself and he was not currently disabled and could return to his pre-injury job.

Based on Dr. Marks' testimony, the Referee found that Claimant suffered a work-related injury on July 29, 1986, and was totally disabled from August 1, 1986 until June 23, 1987. From June 23, 1987, however, the Referee found that Claimant suffered from only minimal residual work-related lumbar sprain that did not preclude him from going back to his pre-

2. Claimant injured his lower back in 1980 and 1983 while working for a different employer.

injury job and suspended benefits as of that date.[3]

 Claimant appealed the Referee's decision to the Board contending that the Referee improperly suspended benefits. Employer filed no appeal.[4] The Board found that while there was substantial evidence to support the Referee's finding that Claimant could return to work, benefits were improperly suspended because Employer failed to establish that work was available.[5] Because the Referee made no such finding, the Board remanded the case to the Referee for:

> such additional proceedings as he deems appropriate to make a specific finding of fact as to whether Claimant's pre-injury job was actually still available to Claimant as of June 23, 1987. If not, Defendant has not met its suspension burden of proof. If so, the fact that Claimant can no longer perform that position due to deterioration caused by non-work-related disability will not deny the Defendant its entitlement to a suspension.

3. The Referee also found that because of the non work-related preexisting congenital anomaly and arthritis, Claimant was disabled from going back to work.

4. When no appeal is taken from a benefit award within the statutory time period, it becomes final and unappealable and any issues not raised by either party are considered waived. *See Carolina Freight Carriers Corporation v. Workmen's Compensation Appeal Board (Armitage),* 137 Pa.Commonwealth Ct. 85, 89 n. 4, 585 A.2d 555, 556 n. 4 (1990), *appeal denied,* 632 Pa. 623, 598 A.2d 285 (1991); *Pennsylvania Power Company v. Workmen's Compensation Appeal Board (Connor),* 129 Pa.Commonwealth Ct. 224, 230 n. 5, 565 A.2d 206, 209 n. 5 (1989), *reconsideration denied, appeal denied,* 526 Pa. 655, 586 A.2d 923 (1990).

5. For purposes of receiving workmen's compensation, "disability" is a term synonymous with "a loss of earning power" resulting from a work-related injury. *Wheeling–Pittsburgh Steel Corporation v. Workmen's Compensation Appeal Board (Smith),* 70 Pa.Commonwealth Ct. 100, 452 A.2d 611 (1982). Although a claimant may continue to suffer a work-related physical disability, if that physical disability does not occasion a loss of earnings, then payments of workmen's compensation must be suspended. *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.),* 118 Pa.Commonwealth Ct. 424, 427, 545 A.2d 465, 466 (1988). However, the fact that the claimant's residual disability no longer renders him incapable of performing his pre-injury job does not justify a suspension of benefits if the pre-injury job is no longer available to the claimant through no fault of his own. The burden is on the employer to demonstrate job availability. *Id.* at 428–29, 545 A.2d at 467.

On remand, Employer and Claimant stipulated that Employer had gone out of business prior to June 23, 1987, and no position was available for Claimant. Employer, however, also offered the testimony of Dr. G. Malcolm Cottington, a board-certified orthopedic surgeon, to establish that Claimant was now fully recovered. Over Claimant's objection that this evidence addressed an issue outside the scope of the Board's remand order, the Referee allowed the introduction of this testimony.

■ Based on Dr. Cottington's testimony that Claimant was fully recovered and had no residual disability from his work-related injury as of January 9, 1990, the Referee found that Claimant had made a full recovery from the July 29, 1986 work-related injury as of January 9, 1990, and terminated benefits.[6] The Referee, however, awarded Claimant benefits for the time period of his residual disability and the corresponding lack of available work—June 23, 1987 to January 9, 1990.

This time both parties appealed the Referee's decision. Claimant appealed the Referee's termination of benefits to the Board, contending that the Referee exceeded the scope of the Board's limited remand order by admitting additional medical testimony. Employer appealed contending that there was insufficient evidence to support the Referee's finding that Claimant suffered any work-related residual disability after June 23, 1987. The Board dismissed Employer's appeal, finding that the Referee properly suspended rather than terminated Claimant's benefits because there was substantial evidence to support a finding of a residual disability. As to Claimant's appeal, the Board reversed the Referee, finding he

6. Once an employee is fully recovered, the employer is not required to show work availability. *See Celio v. Workmen's Compensation Appeal Board (Canonsburg General Hospital),* 109 Pa.Commonwealth Ct. 442, 531 A.2d 552 (1987) (noting that "where the employer effectively proves that a claimant's disability has been removed altogether, it is not required to prove that suitable work was available to the claimant because it can be presumed that employment is generally available to able-bodied persons.")

had exceeded the scope of its remand order which was limited to determining job availability. This appeal followed.[7]

Arguing that the remand order was broadly worded, Employer contends that the Board erred in finding that the Referee improperly admitted medical evidence concerning whether Claimant had completely recovered. It also contends that the Board erred when it imposed the burden on Employer to show continued availability of work when the Referee found that Claimant suffered from only a minimal residual disability that did not prevent him from returning to work.

■■■■ Regarding whether the Board improperly placed the burden of proving continued job availability on Employer, once it has been determined that a claimant with a residual disability may return to work, the burden shifts to the employer to show that a position is available for which the claimant has been given medical clearance.[8] Because Employer did not appeal the Referee's original suspension of benefits, it, in fact, conceded that there was a residual disability and assumed the burden of showing continued job availability.

■■■■ As to whether the Referee improperly admitted the medical evidence, Employer concedes that when the Board remands a case to a referee for a clearly specified limited purpose, the referee may not admit additional evidence on

7. Where the Board has not taken additional evidence, our standard of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or necessary findings of fact are supported by substantial evidence. *Haines v. Workmen's Compensation Appeal Board (Clearfield County)*, 146 Pa.Commonwealth Ct. 437, 606 A.2d 571 (1992).

8. *See Rite Aid Corporation v. Workmen's Compensation Appeal Board (Bupp)*, 112 Pa.Commonwealth Ct. 548, 552, 535 A.2d 763, 765 (1988) (holding that because a "suspension, admittedly [is] a concession that disability is continuing, ... claimant need only show that the work provided by the employer on which the suspension is based is no longer available to claimant, whereupon total disability payments must be reinstated as of the date of termination of that employment"); *Economy Decorators v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa.Commonwealth Ct. 208, 214–15, 506 A.2d 1357, 1360 (1986) (holding that "[a] presumptive partial disability exists by virtue of the order to suspend compensation; the employer can eliminate liability only by offering suitable work.")

issues not encompassed within that order and must confine his or her findings to the stated purpose of that order. *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 97 n. 2, 460 A.2d 237, 239 n. 2 (1983); *Glabern Corporation v. Workmen's Compensation Appeal Board (Moccia),* 84 Pa.Commonwealth Ct. 381, 387, 479 A.2d 77, 79 (1984). Employer contends, however, that the language of the remand order encompassed whether Claimant still suffered from a residual work-related disability. For this proposition, Employer relies on the language in the order stating that it was entitled to a suspension if the Referee found that a position was available for Claimant after June 23, 1987, even though "Claimant can no longer perform that position due to ... [a] non work-related disability." According to Employer, because the Board granted the Referee authority to hold "such additional proceedings as he deems appropriate", it was within his discretion to accept the medical evidence.

■ In actuality, the Board affirmed the Referee's finding that Claimant had a residual work-related disability and the limited purpose of its remand order was to determine "whether Claimant's pre-injury job was actually still available to Claimant as of June 23, 1987." The Board granted the Referee discretion to hold "such additional proceedings as he deems appropriate" in order to make a determination on this question only. Consequently, it was error for the Referee to consider on remand any evidence regarding the status of Claimant's disability and to terminate benefits based on that evidence.[9]

Accordingly, because the Referee improperly exceeded the scope of the Board's remand order, we affirm the Board.

9. As the Board correctly noted, Employer may at any time after the award of benefits file a petition for termination of benefits on a showing that Claimant has totally recovered from his work-related injury. Section 413 of the Act, 77 P.S. § 774. But, as we stated in *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Commonwealth Ct. 455, 461, 576 A.2d 1163, 1166 (1990), unless a petition requesting termination has been filed, the referee has no authority to terminate benefits.

334

## *ORDER*

AND NOW, this 27th day of July, 1993, the order of the Workmen's Compensation Appeal Board dated November 20, 1992, No. A92–0159, is affirmed.