646 A.2d 713

John DWOREK, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (RAGNAR BENSON, INC. & NATIONAL UNION FIRE INSURANCE CO.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Aug. 9, 1994.

514

John G. Achille, for petitioner.
Edward D. Klym, for respondents.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

John Dworek (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed a referee's grant of benefits for a closed period to Claimant but reversed the referee's award of counsel fees. We affirm.

Claimant worked for Ragnar Benson, Inc. (Employer) as a carpenter. On October 4, 1990, Claimant caught a 100–pound panel which another worker had dropped. Claimant informed Employer of the incident and that he had hurt his left leg. Claimant continued working, without a wage loss, until he visited Roger J. Shore, M.D., on October 8, 1990. Claimant did not work for one week, but returned on October 16 and 17, without any wage loss. The following day, Employer laid-off Claimant for economic reasons.[1]

On March 7, 1991, Claimant filed a claim petition alleging that he had become disabled on October 8, 1990, because of the October 4, 1990 incident. Employer filed a timely answer, denying the allegations of the claim petition. Claimant also filed a petition for finding of violation of the terms of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, to assess penalties against Employer for an unreasonable contest and failure to issue a timely notice of compensation denial. Employer's response stated "it ha[d] not been established that the employee ha[d] a work-related injury/disability."

Claimant testified at the initial consolidated hearing before the referee, concerning the occurrences of the alleged injury. At subsequent hearings Claimant again testified and introduced various exhibits. At the final hearing on November 16, 1992, Employer introduced the testimony of Claimant's super-

---

1. On October 29, 1990, Claimant saw Sukumar Chapa, M.D., for pain in his right hip, also stemming from the October 4, 1990 accident. This hip injury would eventually be found to cause the disability, entitling him to benefits.

visor, Harold Henry, as well as the depositions of Barry L. Riemer, M.D., and Alexander A. Krot, D.O.

On January 27, 1993, the referee granted Claimant's claim petition for the period from October 29, 1990 through September 5, 1991. Employer was directed to pay total disability benefits to Claimant at the maximum weekly rate of $419.00, except for periods when Claimant worked for other employers in June and July 1991. For those periods, Claimant would receive only partial disability benefits. The referee ordered Employer to pay Claimant's counsel fees for the period from February 22, 1991, the date it received Dr. Krot's report regarding Claimant's disability through September 5, 1991, because of an alleged unreasonable contest. The referee denied Claimant's request for penalties.

Employer and Claimant filed cross-appeals from the referee's decision. Employer challenged the grant of benefits to Claimant and the award of counsel fees.[2] Claimant objected to the finding of a closed period of disability.

■ The WCAB affirmed the referee's decision as to the closed period of disability but reversed the award of counsel fees. Claimant now appeals to this Court.[3]

Claimant first asserts that the WCAB erred in reversing the referee's grant of counsel fees to Employer. We do not agree.

■ Counsel fees are not penalties under Section 435 of the Act, 77 P.S. § 991, but may be awarded for an unreasonable contest as costs under Section 440 of the Act, 77 P.S. § 996. The reasonableness of an employer's contest turns on the resolution of whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *See Weiss v. Workmen's Compensation Appeal Board*

2. Employer's petition for supersedeas as to counsel fees only was granted on June 3, 1993.

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

*(Birch)*, 106 Pa.Commonwealth Ct. 361, 526 A.2d 839 (1987). A reasonable contest is established when conflicting or susceptible to contrary inferences in medical evidence exists and no evidence exists that an employer's contest was frivolous or filed to harass the claimant. *North Philadelphia Aviation Center v. Workmen's Compensation Appeal Board (Regan)*, 121 Pa.Commonwealth Ct. 633, 551 A.2d 609 (1988). Further, when a bona fide issue concerning disability is present, a reasonable contest exists. *Chmiel v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 310, 442 A.2d 398 (1982).

■■■ Employer did raise several factual questions which, if found credible by the referee, could have resulted in a total denial of benefits to Claimant. Most importantly, Employer questioned whether or not Claimant's loss of wages, i.e., *disability*, was due to the work injury or to the lay-off resulting from a lack of work.[4] While the referee did find the October 4, 1990 injury caused the disability, such a finding does not make Employer's contest unreasonable.

■■■ The imposition of counsel fees is a legal determination, reviewable by the WCAB and this Court. *McGoldrick v. Workmen's Compensation Appeal Board (Acme Markets, Inc.)*, 142 Pa.Commonwealth Ct. 558, 597 A.2d 1254 (1991). The WCAB held that Employer's challenge was not unreasonable because factual questions existed. We agree as Employer presented sufficient evidence to establish a reasonable conflict to meet its burden. *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth Ct. 521, 534 A.2d 571 (1987). Therefore, we hold that the WCAB did not err in reversing the referee's grant of counsel fees.

Next, Claimant argues that the referee abused his discretion in failing to assess a 20 percent penalty on all benefits because of Employer's violation of the Act under Section

4. In order to be deemed to have a compensable injury, one must be disabled, i.e. have a loss of earning power resulting from the work-related injury. *Harmon Mining Co. v. Workmen's Compensation Appeal Board (Haas)*, 157 Pa.Commonwealth Ct. 326, 629 A.2d 312 (1993).

406.1, 77 P.S. § 717.1, and its unreasonable and excessive delays.

The referee is vested with discretion in determining whether or not to impose penalties for violation of the Act. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988). While there must be a finding as to whether or not there was a violation of the Act, such a finding does not mandate the imposition of a penalty. *Commonwealth, Department of Labor & Industry v. Workmen's Compensation Appeal Board,* 49 Pa.Commonwealth Ct. 404, 410 A.2d 1325 (1980).

While Employer was notified of Claimant's injury but did not commence payment of compensation under Section 406.1 of the Act, we cannot say that the referee's failure to penalize Employer was an abuse of discretion. While Section 406.1 directs an Employer to begin making payments, it also states that "the first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employee's *disability.*" (Emphasis added.) Employer continually challenged Claimant's disability, which contest we have held reasonable. Therefore, we cannot hold that the referee's failure to impose penalties was error.

Claimant's third argument is based on the recent amendment to the Act found at Section 422(a), 77 P.S. § 834, which provides, in pertinent part:

[A]ll findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision, containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The adjudicator shall specify the evidence upon which the adjudicator relies in conformity with this section. The adjudication shall provide the basis for meaningful appellate review.

Claimant asserts that in failing to explain Findings of Fact Nos. 11 and 19 and to state why it rejected the testimony of Dr. Krot and Dr. Dixon and instead relied on Dr. Riemer's opinion, that the referee did not provide a "reasoned opinion" as required by Section 422(a). Employer counters stating that Section 422(a) affects substantive rights and cannot be applied retroactively to this action.

■■■ Because we hold that the referee did give his rationale for Findings of Fact Nos. 11 and 19 in his credibility determinations, in Findings of Fact Nos. 9 and 10, we need not reach the issue of whether or not Section 422(a) of the Act should be applied retroactively. We have reviewed the record and hold these findings are based upon substantial evidence and are sufficiently definite to allow appellate review. *See Cromie v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.)*, 144 Pa.Commonwealth Ct. 37, 600 A.2d 677 (1991).[5]

■■■ Next, Claimant argues that the referee erred in failing to grant benefits prior to October 29, 1990, because the evidence presented demonstrates that he suffered a disability and limitations following the work injury of October 4, 1990. Claimant bases this argument on the referee's Finding of Fact No. 5 that Claimant did not work from October 8, 1990 through October 15, 1990 and from October 18, 1993 through October 28, 1993. The referee established October 29, 1990 as the start date for compensation because it was on October 29, 1990 that Claimant first complained to a physician regarding *right* hip pain, i.e., the disabling injury. Therefore, we hold this finding is supported by substantial evidence.

■■■ Claimant also challenges the September 6, 1991 termination date of benefits. The referee based the termination

5. Claimant also contends that the opinion is not "well reasoned" because the referee did not rule on Claimant's objection to Dr. Riemer's and Dr. Krot's depositions. This argument is without merit because Claimant did not raise this objection before the WCAB. Issues not raised before the WCAB are deemed waived before this Court. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989).

date upon Dr. Riemer's testimony that Claimant had totally recovered as of September 6, 1991. While Claimant did complain to Dr. Riemer of minimal groin pain (Deposition Testimony of June 15, 1992 at 6), Dr. Riemer considered these complaints but still unequivocally opined that Claimant did not have a *disabling* right hip joint injury as of September 6, 1991. (*Id.* at 7) (emphasis added). The referee reviewed Dr. Riemer's testimony as a whole and arrived at a decision based on the entirety of the testimony. We have reviewed Dr. Riemer's testimony and hold that the referee did not err in relying on this testimony as the basis for terminating Claimant's benefits.

Accordingly, we affirm.

## ORDER

AND NOW, this 9th day of August, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.