# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Andrew Hart,             :
            Petitioner      :
            :
          v.             :    No. 1497 C.D. 2015
            :    Submitted:  December 18, 2015
Workers' Compensation Appeal      :
Board (Dominion Transmission, Inc.    :
and Gallagher Bassett Services, Inc.),   :
          Respondents   :


**BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge**


*OPINION NOT REPORTED*

**MEMORANDUM OPINION
BY JUDGE BROBSON**            **FILED:  March 9, 2016**


Petitioner John Andrew Hart (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board).  The Board affirmed the decision of a Workers' Compensation Judge (WCJ), granting Claimant's claim petition for a closed period of time from January 25, 2012, through September 11, 2013.  We affirm the Board's order.

On June 4, 2012, Claimant filed a claim petition against Dominion Transmission, Inc., Claimant's employer (Employer), and its insurer, Gallagher Bassett Services, Inc.  Claimant alleged that he had been injured on

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

August 23, 2011, when the vehicle he was driving while working for Employer was struck from behind by another vehicle. The WCJ found that Claimant established that the accident caused more than a soft tissue injury, specifically acute herniation at the C5-C6 and C6-C7 levels that were not explained by natural degenerative changes. (Finding of Fact (F.F.) no. 9.) The WCJ also determined that "surgical intervention was necessary to resolve [C]laimant's problem and that [C]laimant had not recovered sufficiently from his work injury to return to work without restriction until [his] September 11, 2013 visit with [his treating physician,] Dr. Ricci." (*Id.*) In making this factual finding, the WCJ relied upon Dr. Ricci's testimony that when he saw Claimant on September 11, 2013, Claimant "no longer [] had [any] restrictions" on his ability to work. (*Id.*) The WCJ also relied upon the testimony of Donald M. Whiting, M.D., a physician certified in neurosurgery. (F.F. no. 5.) The WCJ relied upon Dr. Whiting's testimony that, when he last saw Claimant on October 29, 2012, he expected Claimant to improve in the future to the point where Claimant could return to work. (F.F. no. 9.) Based upon the credited testimony of Claimant's own experts regarding his ability to return to work without restriction, the WCJ found that, although Claimant had sustained a work-related injury in the nature of an acute cervical herniation, Claimant had recovered sufficiently to return to work.

Claimant appealed to the Board, arguing that the WCJ erred in suspending his benefits. Claimant contended that the WCJ's findings regarding the cessation of his disabling cervical injury are not supported by substantial evidence. Claimant also asserted that the WCJ erred in concluding that Employer had a reasonable basis to contest the claim petition. The Board, noting a claimant's burden of proof in a claim petition, affirmed the WCJ, based upon its conclusion

2

that Claimant's own physician testified that he was able to return to work without restrictions as of September 11, 2013. The Board also affirmed the WCJ's conclusion that Employer's contest of the claim petition was reasonable, noting that, in addition to the questions concerning the nature and cause of disability, the extent of Claimant's disability was also in question.

Claimant petitions for review of the Board's order,[2] raising again the question of whether the WCJ's necessary factual findings regarding the suspension of his benefits are supported by substantial evidence[3] and whether the WCJ erred in concluding that Employer's contest was reasonable.

In a workers' compensation matter involving a claim petition, the claimant bears the burden of proof as to all elements of his case. *Innovative Serv. v. Workmen's Comp. Appeal Bd. (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994), *appeal denied*, 663 A.2d 696 (Pa. 1995) (holding in claim petition burden remains with claimant to demonstrate work-related injury that continues to cause disability). In this matter, Claimant's own treating physician testified that Claimant was capable of returning to work without restriction by September 11, 2013. That testimony was sufficient to support the WCJ's finding

---

[2] Our review is limited to considering whether necessary factual findings are supported by substantial evidence and whether any errors of law or constitutional violations were committed. 2 Pa. C.S. § 704.

[3] For the first time on appeal, Claimant asserts that the WCJ also erred with regard to the date of commencement of his benefits. Specifically, Claimant argues that the WCJ's finding that his disability did not commence until January 25, 2012, is not supported by substantial evidence. Claimant did not raise this issue before the Board and, consequently, he has waived this issue. *Curtis v. Workers' Comp. Appeal Bd. (Berley Elec. Co.)*, 730 A.2d 528, 535 (Pa. Cmwlth. 1999).

3

that Claimant's disability had ceased, such that he was not entitled to continue to receive benefits after that date.

Additionally, Claimant contends that the WCJ erred in finding that Employer's contest was reasonable and failing to award him attorney's fees under Section 440 of the Workers' Compensation Act,[4] which provides, in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

Because Claimant rests his argument in part upon the timing of his injury, an independent medical report, and the filing of his claim petition, we briefly note those pertinent dates. Claimant was injured on August 23, 2011. Alexander Kandabarow, M.D., performed an independent medical examination (IME) of Claimant, issuing a report on or about April 17, 2012. Claimant filed his claim petition on June 4, 2012. During the period between the August 23, 2011 injury and the date he filed his claim petition, Claimant underwent surgery for a pre-existing, non-work-related, knee condition. Claimant asserts that his knee injury resolved by September 28, 2011, and, that, afterwards, his work-related cervical condition was the only reason he could not return to work. (Finding of Fact (F.F.) h; Petitioner's Brief at 11.)

---

[4] Act of June 2, 1915, P.L. 736, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996.

4

In his IME report, Dr. Kandabarow discussed Claimant's condition, in pertinent part, as follows:

> This [IME] is performed with review of limited records after the motor vehicle accident . . . . However, the claimant does have a significant past medical history of degenerative disc disease and cervical stenosis, which had been evaluated in the past; however, the reports of these evaluations and medical records as far as treatment of symptoms are unavailable for review during this exam.
>
> As a result of the motor vehicle accident, he certainly did sustain a whiplash injury or a soft tissue injury to the cervical spine. The real question is whether his current symptoms of neck pain, numbness in the upper extremities, subjective weakness in the arms and legs are also a result of the motor vehicle accident . . . . He certainly, on physical examination, does not have any myelopathic symptoms to suggest that he sustained some type of cord impingement as a result of the flexion and extension injury.
>
> It would be helpful to have medical records of his previous symptoms and treatments for his cervical spine condition prior to the motor vehicle accident before making final determination. His imaging studies show no evidence of any cord [unreadable] or [unreadable] to suggest that any incomplete spinal cord injury occurred as a result of the motor vehicle accident.
>
> With respect to this last point, I recommend he not return to work with driving responsibilities since that does put him at risk for an incomplete spinal cord injury.

(R.R. at 252a.) Thus, Dr. Kandabarow opined that Claimant sustained whiplash or a soft tissue injury, but he could not determine whether the symptoms Claimant presented were related to Claimant's pre-existing cervical problems or to the work-related accident. Additionally, Dr. Kandabarow noted that if Claimant were to be involved in an additional motor vehicle accident his spine could be at risk of injury. Dr. Kandabarow, however, qualified this comment, by referencing his

5

preceding statement, which indicated that he found no evidence, upon review of the limited records available, to make a final determination regarding the extent of Claimant's work-related injury. Thus, Dr. Kandabarow's opinion was entirely equivocal, except with regard to the conclusion that Claimant sustained a soft tissue injury as a result of the accident.

"A reasonable contest may be established where medical evidence is conflicting or is susceptible to contrary inferences and where there is an absence of evidence that the employer's contest was frivolous or filed for purposes of harassment." *Striker v. Workmen's Comp. Appeal Bd. (California Univ.)*, 650 A.2d 1109, 1111 (Pa. Cmwlth. 1994). In *Striker*, we held that the employer had established a reasonable basis to contest a claim because the duration of the claimant's disability was an issue and because there was no evidence that the employer engaged in the contest for the purpose of harassment. *Id.* at 1111. We have also held that an employer may challenge a claim where the period of disability is at issue. *White v. Workmen's Comp. Appeal Bd. (Gateway Coal Co.)*, 520 A.2d 555, 557 (Pa. Cmwlth. 1987).

Claimant contends that this Court's decision in *Bell's Repair Service v. Workers' Compensation Appeal Board (Murphy, Jr.)*, 850 A.2d 49 (Pa. Cmwlth. 2004), compels a different conclusion. *Bell's Repair Service*, however, is factually and legally distinguishable from this case. In *Bell's Repair Service*, we concluded that an employer failed to demonstrate that it had a reasonable basis to challenge a claim petition where the employer had no evidence to support its position until long after a period of "uncontradicted proofs" of a work-related injury and disability. In this matter, *at the time Employer contested the claim petition—i.e.,* in its answer to the claim petition—Employer had the IME report of

6

Dr. Kandabarow, whose opinion, as discussed above, was equivocal regarding the cause of Claimant's symptoms. Although Dr. Kandabarow concluded that Claimant had sustained a whiplash or soft tissue injury because of the work-related accident, he was unable to opine as to whether his current symptoms were the result of that accident. Thus, he was unable to opine whether Claimant's work-related disability was continuing at the time of the IME. Consequently, we conclude that the Board did not err in affirming the WCJ's conclusion that Employer's contest was reasonable.

Accordingly, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Andrew Hart,            :
         Petitioner    :
                       :
        v.             :   No. 1497 C.D. 2015
                       :
Workers' Compensation Appeal  :
Board (Dominion Transmission, Inc.  :
and Gallagher Bassett Services, Inc.),  :
         Respondents  :

# O R D E R

AND NOW, this 9th day of March, 2016, the order of the Workers' Compensation Appeal Board is AFFIRMED.

---
P. KEVIN BROBSON, Judge