548 A.2d 703

Accountemps and New Hampshire Insurance Company through American International Adjustment Company, Inc., Petitioners *v.* Workmen's Compensation Appeal Board (Myers and Spectrum Arena), Respondents.

*Patrice A. Toland, Post and Schell, P.C.,* for petitioner.

*Sidney E. Herold,* for respondent, Inez Myers.

*John P. Knox,* with him, *Robert J. Benischeck, Timoney, Knox, Hasson & Weand,* for respondent, Spectrum Arena.

OPINION BY JUDGE PALLADINO, October 18, 1988:

Accountemps appeals from a decision of The Workmen's Compensation Appeal Board (Board) which (1) affirmed a referee's decision that Accountemps was Inez I. Myers' employer at the time of her work-related injury and (2) determined that the referee had erred in not granting Myers counsel fees in addition to awarding her workmen's compensation. We affirm the determination that Accountemps was Myers' employer but reverse the grant of counsel fees in addition to compensation.

Accountemps provides temporary accounting and data processing personnel to its clients. Accountemps maintains an inventory of personnel skilled in the areas of accounting and data processing. When a client contacts Accountemps with the specifications of a job for which it needs temporary help, Accountemps selects from its personnel list the individual it believes best for the particular job. The individual is contacted by Accountemps and has the option of accepting or refusing the job. Accountemps sets the hours the individual is to work, determines the salary to be paid for the job, and pays the salary.

In the instant case, Myers accepted a temporary assignment to perform accounting work for Spectrum Arena. Accountemps informed Myers that her work hours were 10 AM to 6 PM and that she would be paid $5 per hour. Myers began this assignment on October 13, 1982. On that day she reported to Spectrum Arena where she was told the specific job she was to do and instructed to see Carole, an employee of Spectrum

Arena, if she had any questions. While on her way to work on October 19, 1982, Myers fell in Spectrum Arena's parking lot and shattered her left wrist. Myers informed Accountemps and Spectrum Arena of her injury and her inability to continue to work. Myers did not work again until June 5, 1983.

Myers filed workmen's compensation claim petitions against both Accountemps and Spectrum Arena. A number of hearings were held before the referee. Myers presented medical evidence as to the extent of her injury and disability. Neither Accountemps nor Spectrum Arena presented any medical evidence. However, each contended that if Myers had suffered a compensable injury, the other was the responsible party.

The referee concluded that Accountemps was Myers' employer at the time of her injury and that Myers was totally disabled from October 20, 1982 through June 5, 1983. The referee dismissed the claim petition against Spectrum Arena. Attorney's fees were ordered to be paid out of Myers' compensation award.

Accountemps and Myers appealed the referee's decision to the Board. The Board affirmed the referee's conclusion that Accountemps was Myers' employer. However, the Board determined that the referee had erred as a matter of law in not awarding counsel fees in addition to the award of compensation because the referee had specifically concluded that Accountemps had no reasonable basis for contesting the claim petition. On appeal to this court, Accountemps contends that the Board erred in making both of these determinations.

### EMPLOYER

The question of whether an employer-employee relationship exists is one of law, based upon the facts of each case. *Pennsylvania Manufacturer's Assoc. Ins. Co. v. Workmen's Compensation Appeal Board*, 52 Pa. Com-

monwealth Ct. 588, 418 A.2d 780 (1980). When an employee is furnished by one entity to another, the situation is one of a "borrowed" employee. *See Shreiner Trucking Co. v. Workmen's Compensation Appeal Board (Wagner),* 97 Pa. Commonwealth Ct. 182, 509 A.2d 1337 (1986). In *Shreiner* this court reiterated seven factors which are to be considered in determining which party is the employer, for purposes of The Pennsylania Workmen's Compensation Act (Act),[1] in a borrowed employee situation. These factors were originally set forth in *Daily Express, Inc. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 434, 436-37, 406 A.2d 600, 601-602 (1979) (summarizing factors set forth in *Mature v. Angelo,* 373 Pa. 593, 97 A.2d 59 (1953)):

> (1) [O]ne who is in the general employ of one employer may be transferred to the service of another in such a manner that he becomes an employee of the second employer; (2) whether or not the transferred employee becomes the employee of the second employer depends on whether the first employer passes to the second employer not only the right to control the employee's work, but also his manner of performing it; (3) *it is enough to establish the employer-employee relationship if the employer has the right to control the employee's manner of performance of work, regardless of whether the right is ever exercised;* (4) where one is engaged in the business of renting out trucks and furnishes a driver as part of the hiring of the truck, there is a presumption that the driver remains in the employ of his original employer until there is evidence that the second employer

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

in fact assumed control over the employee's manner of performing his work; (5) *facts which indicate that an employee remains in the service of his original employer include the original employer's right to select the employee to be loaned and to discharge him at any time and send another in his place, the loaned employee's possession of a skill or special training required by the work for the second employer, and employment at a daily or hourly rate for no definite period;* (6) *the fact that the second employer designates the work to be done and where it is to be done does not militate against the first employer-employee relationship;* and (7) when the facts are undisputed, the determination of who is the employee's employer is one of law, but when the facts are disputed, the determination is one of fact. (Emphasis added.)

Accountemps contends that Spectrum Arena had the "right to control" Myers' performance because it designated the specific tasks she was to perform and showed her the accounting procedure it used. Accountemps cites the Pennsylvania Superior Court cases of *Keller v. Old Lycoming Township,* 286 Pa. Superior Ct. 339, 428 A.2d 1358 (1981), and *English v. Lehigh County Authority,* 286 Pa. Superior Ct. 312, 428 A.2d 1343 (1981), as controlling. In both *Keller* and *English,* the Superior Court determined that the entity in control of the worksite was the employer under the Act.

We do not find *Keller* and *English* to be controlling. In *Keller* and *English,* the entity in control of the worksite instructed and trained the employee in how to perform the duties required by the job. Myers, on the other hand, was already in "possession of a skill or special training required" for Spectrum Arena's temporary

assignment. In fact, Accountemps tests individuals to determine if they are qualified to perform the accounting and data processing skills its clients need *prior* to placing them on its personnel inventory. N.T. September 25, 1984 Hearing at 16, 17, 18. While Myers had to be told what accounting system Spectrum Arena was using, she did not have to be trained nor instructed in how to perform the basic job. It is also not disputed that Accountemps selected Myers for the temporary job, determined the amount she was to be paid, and paid her salary.

We conclude that based on substantial evidence in the record the referee did not err as a matter of law in concluding that Accountemps was Myers' employer.

### COUNSEL FEES

Section 440 of the Act, 77 P.S. §996, provides that counsel fees, in addition to the award of compensation, are to be granted when no reasonable basis for contest has been established. The Board based its conclusion that the referee had erred as a matter of law in not awarding counsel fees on the referee's conclusion of law no. 9, which stated that "Accountemps has not established a reasonable basis for contesting the instant claim petition." That conclusion was based on the fact that Accountemps did not contest that Myers had suffered a work-related disabling injury.

An employer's contest will be considered reasonable if a genuinely disputed issue was present. *Landis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 491, 402 A.2d 723 (1979). In the instant case, there was a genuine dispute as to which entity was Myers' employer. The Board erred in awarding Myers counsel fees in addition to the award of compensation. *See City of Scranton v. Workmen's Compensation Ap-*

*peal Board (Cimoch),* 88 Pa. Commonwealth Ct. 64, 488 A.2d 648 (1985).

ORDER

AND NOW, October 18, 1988, the decision of the Workmen's Compensation Appeal Board in the above-captioned case is reversed insofar as it grants counsel fees in addition to the award of compensation. In all other respects, the decision is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.