609 A.2d 906

**PAUL ARPIN VAN LINES and the Hartford Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SELVEY and George W. Weaver & Sons, Inc.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1992.

Decided May 20, 1992.

148

Paul J. Dellasega, for petitioners.

Wayne. L. Dietrich, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Paul Arpin Van Lines (Arpin) appeals from an order of the Workmen's Compensation Appeal Board (the Board) which reversed in part and affirmed in part a referee's decision which awarded Richard Selvey (Selvey) benefits. The referee had awarded Selvey benefits but had determined that George W. Weaver & Son, Inc. (Weaver) was the responsible employer. On appeal, the Board affirmed the award of benefits but determined that Arpin was the responsible employer.

Arpin presents two issues in its appeal. Initially, Arpin argues the Board erred in its determination that Arpin, rather than Weaver, had the right of control over Selvey's performance at the time the injury occurred. Arpin thus concludes that Weaver is the responsible employer. Alternatively, Arpin argues that notice to it was defective if it, in fact, is the responsible employer. We are unpersuaded by Arpin's arguments and affirm.

The facts of this case, as found by the referee, are as follows: Selvey was employed by Weaver on March 10, 1989. Periodically during his employment, Selvey would be assigned by James Martin, the Weaver dispatcher, to assist road drivers who were not employed by Weaver. The assistance consisted of loading or unloading a truck. On March 9, 1989, a driver employed by Arpin contacted Weaver and requested a helper for the following day. Martin assigned Selvey to assist the Arpin driver on March 10, 1989. Arpin was responsible for paying Selvey's wages for that day. Selvey suffered an injury to his lower back while unloading the Arpin truck on March 10, 1989. Selvey notified Martin of his injury that day.[1]

Our standard of review in this case is clear. We will examine the record to determine whether constitutional rights have been violated, an error of law has occurred, or whether necessary findings of fact are supported by substantial evidence. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking),* 116 Pa.Commonwealth Ct. 172, 541 A.2d 60 (1988).

▇▇▇▇ Initially, Arpin argues that the Board should not have reversed the referee's determination that Weaver was the responsible employer because substantial evidence supported the referee's decision. We disagree. The question of whether an employer/employee relationship exists is one of law, based upon the facts of each case. *Accountemps v. Workmen's Compensation Appeal Board (Myers & Spectrum Arena),* 120 Pa.Commonwealth Ct. 489, 548 A.2d 703 (1988). Thus, the referee's determination that Weaver was the responsible employer is properly classified as a conclusion of law freely reviewable by both the Board and this Court. We reject Arpin's argument that the reversal of this legal conclu-

---

1. Selvey also suffered a second injury to his back while employed by Weaver on April 4, 1989. The referee determined that the second injury was a recurrence of the March 10th injury and that determination has not been appealed. Any argument that the April 4, 1989 injury was a new injury for which Weaver is the responsible employer has thus been waived.

sion required that the Board find additional facts not found by the referee.

Whether an employee, is a "borrowed employee" for purposes of the Pennsylvania Workmen's Compensation Act (the Act) [2] requires an examination of seven factors.

(1) [O]ne who is in the general employ of one employer may be transferred to the service of another in such a manner that he becomes an employee of the second employer; (2) whether or not the transferred employee becomes the employee of the second employer depends on whether the first employer passes to the second employer not only the right to control the employee's work, but also his manner of performing it; (3) it is enough to establish the employer-employee relationship if the employer has the right to control the employee's manner of performance of work, regardless of whether the right is ever exercised; (4) where one is engaged in the business of renting out trucks and furnishes a driver as part of the hiring of the truck, there is a presumption that the driver remains in the employ of his original employer until there is evidence that the second employer in fact assumed control over the employee's manner of performing his work; (5) facts which indicate that an employee remains in the service of his original employer include the original employer's right to select the employee to be loaned and to discharge him at any time and send another in his place, the loaned employee's possession of a skill or special training required by the work for the second employer, and employment at a daily or hourly rate for no definite period; (6) the fact that the second employer designates the work to be done and where it is to be done does not militate against the first employer-employee relationship; and (7) when the facts are undisputed, the determination of who is the employee's employer is one of law, but when the facts are disputed, the determination is one of fact.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 to 1066.

*Daily Express, Inc. v. Workmen's Compensation Appeal Board,* 46 Pa.Commonwealth Ct. 434, 436–37, 406 A.2d 600, 601–02 (1979) (citation omitted).[3]

Applying this test to the facts of this case, it is clear that the Board correctly determined that Arpin was the responsible employer. Upon reporting for work on March 10, 1989, Selvey was instructed to assist the Arpin driver that day. While this indicates that Weaver could select which employee to loan, it is the only factor which indicates that Selvey remained an employee of Weaver. It is undisputed that Weaver had no further contact with Selvey that day until he returned from unloading the Arpin truck. (Notes of Testimony [N.T.], 10/18/89, p. 41 and 12/5/89, pp. 6–7.) Thus, although Weaver selected Selvey, it could not discharge him once he had been loaned to Arpin. It is undisputed that Arpin paid Selvey for that day's work at a rate determined by Arpin. (N.T., 10/18/89, p. 33). Most importantly, it is undisputed that the Arpin driver was in control at the work site. (N.T., 10/18/89, pp. 41–42). Thus, Arpin had the right to control the manner in which Selvey performed the work even if it did not do so. We see no error in the Board's conclusion that Arpin was the responsible employer based upon these undisputed facts.

Arpin argues, in the alternative, that notice was defective. Again, we disagree. The referee and the Board held that notice to Martin, the Weaver dispatcher, was sufficient notice to Arpin under an agency theory. It is clear that Arpin employed Weaver to select the person to help unload the truck. Under section 313 of the Act, notice of a work-related injury may be given to "the immediate or other superior of the employe, to the employer, *or any agent of the employer regularly employed at the place of employment of the injured employe."* 77 P.S. § 633 (emphasis added). The term agent

3. In its brief Arpin admits that there are no disputed facts relating to the nature of Selvey's employment on the date in question. (Arpin's Brief, p. 11.) Under *Daily Express,* this admission confirms our conclusion that the question of who employed Selvey on March 10, 1989 is one of law rather than one of fact.

as used in this section encompasses anyone "whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such accidental injury." *Canterna v. U.S. Steel Corp.*, 12 Pa.Commonwealth Ct. 579, 583, 317 A.2d 355, 357 (1974) (citation omitted). By using Weaver to select the employee to be borrowed, Arpin created a situation where Selvey could reasonably infer that Martin, the Weaver dispatcher, acting on behalf of Arpin, had been delegated the authority to receive notice. Thus the lending employer was the agent of the borrowing employer for purposes of notice under the Act. The section further provides: *"[k]nowledge of the occurrence of the injury on the part of any such agents shall be the knowledge of the employer."* 77 P.S. § 633 (emphasis added). The statute is clear that any failure by Martin or Weaver to inform Arpin of the injury in question is not attributable to Selvey and does not create any defect in notice to Arpin.

Affirmed.

Judge FRIEDMAN concurs in the result only.

### ORDER

NOW, May 20, 1992, the order of the Workmen's Compensation Appeal Board, dated October 4, 1991, at A91–476, is affirmed.