## Wallis v. AEG Westinghouse Transportation Systems Inc.

C.P. of Allegheny County, no. GD 93-9312.

FRIEDMAN, *J.,* June 20, 1996—Defendant AEG Westinghouse Transportation Systems Inc. filed the instant motion for summary judgment seeking the benefit of the bar of suits by an employee against an employer contained in the Pennsylvania Workers' Compensation Act, 77 P.S. §1 et seq. Additional defendant, Allegheny Personnel Services, has an indemnity contract which the parties agree would call for summary judgment in its favor, as well, if AEG's motion was granted. This court concludes that AEG's motion must be denied.

AEG bases its motion on the holding of the Superior Court in *English v. Lehigh County Authority,* 286 Pa. Super. 312, 428 A.2d 1343 (1981). Plaintiff bases its opposition on contrary holdings by the Commonwealth Court, primarily *Accountemps v. W.C.A.B. (Myers and Spectrum Arena),* 120 Pa. Commw. 489, 548 A.2d 703 (1988) and *G & B Packing v. W.C.A.B. (Lindsay),* 653 A.2d 1353 (Pa. Commw. 1995).

The question the court faces is determining what the legislative intention was in the situation where an

employee of a subcontractor is injured by the negligence of the contractor who hired the subcontractor. Under the Act, it seems clear that the employee's right to sue his undisputed actual employer is only eliminated *because* of that employer's having obtained workers' compensation insurance coverage. The Act itself does not expressly extend the bar to suit to those such as AEG who are in privity of contract with the actual employer.

AEG frames the question in terms of whether or not plaintiff is AEG's "borrowed servant." That question has a converse, whether or not AEG was plaintiff's "statutory employer." The law should therefore yield the same result regardless of which question is posed and answered. However, it seems that this has not occurred at the intermediate appellate levels, with Commonwealth Court decisions going one way and Superior Court decisions going another. Unfortunately, courts of common pleas must defer equally to both appellate courts, an impossibility in cases where an alleged tortfeasor, such as AEG, seeks the same protection under the Act that an injured employee such as plaintiff must concede to his actual employer.

On at least one other occasion, this court has been compelled to choose between the two lines of cases. In order to make the choice in the earlier case, this court looked to the purpose of the Act, as articulated by the Pennsylvania Supreme Court:

"In construing the Act, we are mindful that, being remedial in nature and intended to benefit the Pennsylvania worker, the Act must be liberally construed to effectuate its humanitarian objectives." *Krawchuk*

*v. Philadelphia Electric Co.,* 497 Pa. 115, 120, 439 A.2d 627, 630 (1981).

It is evident that the Supreme Court recognizes that the Act was chiefly intended to benefit workers, not to shield employers, "statutory" or otherwise, although benefits do accrue to employers who comply with the Act.

The Supreme Court seems not yet to have addressed cases which highlight the dichotomy between the Superior Court and Commonwealth Court decisions. The prior case which compelled this court to choose between the two lines of appellate cases was settled before a ruling could be issued and an opinion written on the putative statutory employer's contention, in post-verdict motions, that it was entitled to the bar of the Act. Nevertheless, this court must be consistent in its own rulings, whether published or not. Having once found the Commonwealth Court line of cases more consistent with the essential purposes of the Act, and being unaware of any Supreme Court case which has resolved the discrepancy between the appellate decisions, this court must continue to follow those cases, even recognizing that any appeal herefrom will go to the Superior Court, as was true in the prior case. Under the Commonwealth Court cases, AEG is *not* a statutory employer.

Plaintiff also points out that the doctrine of equitable estoppel (which plaintiff also has described as a "quasi-judicial estoppel) prevents AEG from seeking the benefit of the Act since AEG has admitted to not complying with the Act's requirements for employers of injured employees. In particular, under the Act, an employer has the duty to send a report of a covered injury to the Pennsylvania Department of Labor and Industry, 77 P.S. §994. Instead, AEG failed to do so, thereby

tacitly admitting that it had no employer-employee relationship with plaintiff which would require such reporting. According to plaintiff's argument, this failure to report to the Department of Labor and Industry, a quasi-judicial body, is a "judicial admission" which should bind AEG for purposes of this litigation. In other words, under equitable principles, AEG cannot both consider plaintiff a non-employee when the employment relationship would require AEG to provide plaintiff with workers' compensation coverage and an employee only when it would protect AEG from civil liability for harm caused by its negligent conduct. Given the strong language of the Pennsylvania Supreme Court regarding the purpose of the Act, plaintiff is correct. Therefore, even if this court has incorrectly chosen to follow Commonwealth Court decisions as to the status of AEG vis-à-vis plaintiff, the conduct of AEG in not complying with the Act's requirements (such as reporting a "covered" accident) estops AEG from asserting any bar against a suit by plaintiff that might otherwise exist.

AEG's motion for summary judgment is therefore denied because it is not plaintiff's statutory employer and plaintiff is not AEG's borrowed servant, and, alternatively, because the doctrine of equitable estoppel bars AEG from seeking the benefits of the Act when it has failed to fulfill its duties under the Act.

See order filed herewith.

## ORDER

And now, to-wit, June 20, 1996, it is hereby ordered that defendant AEG Westinghouse Transportation System's motion for summary judgment is denied.