Benjamin MULLINS, Appellant,

v.

SUN COMPANY, INC. and Sun Pipeline Company, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 3, 2000.

Filed Nov. 6, 2000.

Reargument Denied Dec. 29, 2000.

---

**3.** In any event, we would not be persuaded by Appellees' contention. The amendment was drafted in response to a case in which a fleeing suspect was *permitted* to recover damages from a municipality for injuries he sustained in the course of a police pursuit. *See* Legislative Journal—House at 1784 (1995). It is evident that in amending the statute, the legislature disagreed with that case and sought to "limit the liability for municipalities when they are chasing suspected criminals." *Id.* Thus, the legislature's position is consistent with the decisions in *Hawks* and *Tyree*, which determined, as does the amendment, that local agencies cannot be held liable for injuries to fleeing drivers.

James L. DeMarco, Philadelphia, for appellant.

Gary R. Owens, Philadelphia, for appellees.

Before: STEVENS, LALLY–GREEN, and OLSZEWSKI, JJ.

STEVENS, J.:

¶ 1 Appellant, Benjamin Mullins, appeals from the February 4, 2000 order of the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of Appellees, Sun Company, Inc. and Sun Pipeline Company (collectively, "Sun"). We affirm.

¶ 2 Mullins, an employee of Glasgow, Inc., a subcontractor of Morrison Knudsen Corporation ("Morrison"), was injured on June 5, 1996, while drilling holes for the installation of electric power line poles at Sun's oil refinery, pursuant to a contract between Morrison and Sun.[1] As a result of his injury, Mullins collected workers' compensation benefits.[2] On April 2, 1998, however, Mullins filed a civil complaint against Sun. Sun subsequently filed a motion for summary judgment[3] on December 6, 1999, arguing, among other things, that Sun was Mullins' statutory employer under the "borrowed employee" doctrine.[4] On February 4, 2000, the motion for summary judgment was granted and judgment was entered in favor of Sun and against Mullins. Mullins filed the instant appeal on March 1, 2000.

■■■ ¶ 3 At issue is whether the trial court correctly granted summary judgment in Sun's favor on the ground that Mullins was a "borrowed employee" of Sun.

Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The judgment may only be granted in cases that are clear and free from doubt. A reviewing court must examine the record in the light most favorable to the non-moving party, accepting as true all well-pled facts and giving that party the benefit of all reasonable inferences drawn from those facts. The Superior Court may overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*The Estate of Swift v. Northeastern Hospital of Philadelphia*, 456 Pa.Super. 330, 690

---

1. There is no dispute that Mullins was acting in the course of his employment while injured.

2. Sun paid the premiums on the workers' compensation policy.

3. "The issue of whether an employer is a 'statutory employer' for purposes of the Workmen's Compensation Act is properly the subject of a motion for summary judgment, as 'whether the facts as they are determined to exist constitute an employment relationship is strictly a question of law.'" *Wilkinson v. K–Mart*, 412 Pa.Super. 434, 603 A.2d 659, 660–661 (1992) (citations omitted).

4. 77 Pa.S.A. § 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

A.2d 719, 721–722 (1997) (citations omitted). Here, the trial court concluded that under the contract between Sun and Morrison, Sun met the requirements of the "borrowed employee" doctrine, as set forth in *JFC Temps, Inc. v. Workers' Compensation Appeal Board*, 545 Pa. 149, 680 A.2d 862 (1996). As a result of its conclusion that under the "borrowed employee" doctrine Sun is immune from liability beyond that provided by the Workers' Compensation Act, the trial court granted summary judgment in Sun's favor. We agree that summary judgment was proper in this case.

¶ 4 The parties acknowledge that *JFC Temps* correctly enunciates the "borrowed employee" doctrine as follows:

The law governing the "borrowed" employee is well-established. The test for determining whether a servant furnished by one person to another becomes the employee of the person to whom he is loaned is whether he passes under the latter's right of control with regard not only to the work to be done but also to the manner of performing it. The entity possessing the right to control the manner of the performance of the servant's work is the employer, irrespective of whether the control is actually exercised. Other factors which may be relevant include the right to select and discharge the employee and the skill or expertise required for the performance of the work. The payment of wages may be considered, but is not a determinative factor. Although the examination of these factors guides the determination, each case must be decided on its own facts.

*JFC Temps*, 545 Pa. at 153, 680 A.2d at 864.

¶ 5 In the instant case, the contract between Sun and Morrison explicitly gave Sun the right to control the work Mullins performed. Mullins does not dispute this, but insists that Sun had no "actual control" over the work he performed, and, therefore, was not his borrowed employer. Sun counters that it is the "right to control," not "actual control" which determines if a worker is a "borrowed employee". Sun's position is supported by current case law.

¶ 6 In *JFC Temps*, a temporary agency sent a worker to G & B, where he was injured while operating a tractor trailer. In concluding that G & B was the "borrowing employer" responsible for paying the employee's workers' compensation benefits, the Pennsylvania Supreme Court noted that:

[a]lthough G & B did not have to train Claimant regarding the operation of the tractor-trailer, the record establishes that it directed him as to the specifics of the deliveries to be made. Claimant reported to G & B daily, returned there at the end of each work day, and also performed miscellaneous odd jobs under the direction of G & B personnel. Further, JFC personnel were never present at the G & B worksite. Although JFC paid Claimant, G & B completed the time slips and evaluated his performance.

We recognize that JFC selected Claimant for the position at G & B after examining his qualifications, and that it had the sole power to actually terminate Claimant's employment. We further acknowledge Claimant's testimony that he would call JFC if he was ill or had any questions. Notwithstanding the fact that some factors weigh against finding G & B the responsible employer, **the right to control the performance of the work is the overriding factor**.

*Id.*, 545 Pa. at 155–156, 680 A.2d at 865 (emphasis added).

¶ 7 In deciding *JFC Temps*, the Supreme Court cited to *English v. Lehigh County*, 286 Pa.Super. 312, 428 A.2d 1343 (1981). In that case, a panel of this Court found a borrowing employer immune from civil suit pursuant to the Workers' Compensation Act, noting that although the borrowing employer "did not exercise much control over the [work of the bor-

rowed employee], it had the right to exercise such control." *JFC Temps*, 545 Pa. at 156–157, 680 A.2d at 865 (emphasis added). Similarly, the *JFC Temps* court found instructive *Arpin Van Lines v. Workmen's Compensation Appeal Board*, 148 Pa. Cmwlth. 147, 609 A.2d 906 (1992), in which the Commonwealth Court found "most significant the fact that the [borrowing employer] was in control at the worksite and had the right to control the manner of performance of the [borrowed employee's] work, even if it did not do so." *JFC Temps*, 545 Pa. at 157, 680 A.2d at 866 (emphasis added). *See also Wilkinson*, 603 A.2d at 661 ("A servant is the employe of the person who has the *right* of controlling the manner of his performance of the work, irrespective of whether he actually exercises that control or not.").

¶ 8 We also note that the *JFC Temps* court found that "the mere fact that the employee is skilled does not, in and of itself, establish that the original employer has retained the right to control the manner of performance of the work assigned." *JFC Temps*, 545 Pa. at 157, n. 7, 680 A.2d at 865, n. 7.

¶ 9 For the above reasons we find that the trial court correctly determined that Sun was Mullins' statutory employer under the "borrowed employee" doctrine and, therefore, that summary judgment was properly granted in favor of Sun.

¶ 10 Affirmed.