J-A30003-25

2026 PA Super 35

| | | |
|---|---|---|
| SAMUEL HAILU | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIORGIO FRESH COMPANY, THE | : | |
| GIORGIO COMPANIES AND THE | : | |
| GIORGIO COMPANIES | : | No. 2988 EDA 2024 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered October 18, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 201001263

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

OPINION BY PANELLA, P.J.E.: **FILED FEBRUARY 25, 2026**

Giorgio Fresh Company, The Giorgio Companies, and The Giorgio Companies (collectively "Giorgio"), appeal from the order entered in the Philadelphia County Court of Common Pleas on October 18, 2024, denying Giorgio's motion for summary judgment regarding the underlying complaint filed against Giorgio by Samuel Hailu. Because Giorgio fails to satisfy the collateral order doctrine, we lack jurisdiction and quash the appeal.

On February 15, 2021, Hailu filed a complaint against Giorgio sounding in personal injury. Hailu's claims of negligence arose out of a workplace accident that occurred on October 19, 2018, in a warehouse in Chester County, Pennsylvania, owned and operated by Giorgio. Hailu sought damages

for injuries he sustained while working at the warehouse as a temporary employee from Temp Staffing/ACCU Staffing ("ACCU").

On September 3, 2024, Giorgio filed a motion for summary judgment, asserting that Hailu was a borrowed employee of Giorgio at the time of the incident, and therefore Giorgio is immune from suit pursuant to the exclusive remedy of the Pennsylvania Workers' Compensation Act (hereinafter the "WCA"), 77 P.S. § 481. The WCA provides in relevant part:

> The liability of an employer under [the WCA] shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death

77 P.S. § 481(a) (footnotes omitted).

> Except in limited circumstances … an employer is therefore immune from tort liability for injuries suffered by its employees that are compensable under the WCA.
>
> Under the borrowed employee doctrine, where a worker employed by one company is furnished by that company to perform work for another company, the latter company is his employer under the WCA if it has the right to control his work and the manner in which the work is done.

**Burrell v. Streamlight, Inc.**, 222 A.3d 1137, 1139 (Pa. Super. 2019) (citations omitted).

On October 18, 2024, following submission of a response from Hailu and a responsive brief from Giorgio, the trial court denied Giorgio's motion without opinion. This timely appeal followed.

Giorgio raises the following issues on appeal:

- 2 -

> 1. Whether this Court has jurisdiction over the instant appeal under Pennsylvania Rule of Appellate Procedure 313, as the order is separable from and collateral to the main cause of action, the right involved is too important to be denied review, and the question presented will be irreparably lost if postponed until final judgment?
>
> 2. Whether the trial court erred by denying Giorgio's motion for summary judgment because, at all relevant times, Giorgio controlled the work [] Hailu performed and how he performed it, rendering [] Hailu a borrowed employee and entitling Giorgio to immunity under the WCA?

Appellant's Brief, at 4.

Preliminarily, we must determine whether this appeal is properly before us.

> As a general rule, an appellate court's jurisdiction extends only to review of final orders. [**See** Pa.R.A.P. 341(a)]. A final order is an order that disposes of all claims and of all parties or is entered as a final order pursuant to a determination of finality by a trial court or other government unit. Pa.R.A.P. 341(b)(1), (3). … The final order rule reflects the long-held limitation on review by both federal and state appellate courts[.] Considering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency.

*MFW Wine Co., LLC v. Pennsylvania Liquor Control Board*, 318 A.3d 100, 112 (Pa. 2024) (quotation marks, citations, and brackets omitted). Nonetheless, "appellate jurisdiction extends to (1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." *Crespo v. Hughes*, 292 A.3d 612, 615-16 (Pa. Super. 2023) (quotation marks and citation omitted).

- 3 -

Giorgio avers we have jurisdiction over this appeal because an appeal may be taken as of right from a collateral order pursuant to Pa.R.A.P. 313. "Ordinarily, an order denying a motion for summary judgment is considered interlocutory and unappealable; however, our [S]upreme [C]ourt has recognized that the collateral order doctrine may provide an exception to this rule." *Yorty v. PJM Interconnection, L.L.C.*, 79 A.3d 655, 660 (Pa. Super. 2013) (citation omitted). "Whether an order is appealable as a collateral order is a question of law. Our standard of review is de novo, and our scope of review is plenary." *Lobos Management v. Powell*, 330 A.3d 438, 441 (Pa. Super. 2025) (citation omitted)."Moreover, where the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine; however, if a question of fact is presented, appellate jurisdiction does not exist." *Yorty*, 79 A.3d at 660 (citation omitted).

The collateral order doctrine is codified in Rule 313, which provides as follows:

> **(a) General Rule.** An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. Accordingly, the collateral order doctrine "permits an appeal as of right from a non-final collateral order if the order satisfies the three

requirements set forth in Rule 313(b)—separability, importance, and irreparability." ***Commonwealth v. Pownall***, 278 A.3d 885, 902 (Pa. 2022) (citation omitted).

> The separability prong is met if the order's merits can be resolved without an analysis of the merits of the underlying dispute and if it is entirely distinct from the underlying issue in the case.
>
> The right involved is too important to be denied immediate review if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. In other words, we must find that the right implicated is important in comparison to the importance of minimizing the costs of piecemeal litigation and promoting judicial accuracy. The right at issue must not only be important to the parties involved but also be deeply rooted in public policy going beyond the particular litigation at hand.
>
> Finally, an order satisfies the third prong if the issue could not be fully remediated if postponed until the conclusion of the case. In essence, the question is whether an erroneous trial court ruling cannot be undone.

***Lobos Management***, 330 A.3d at 441-42 (internal quotation marks and citations omitted). If the order at issue satisfies each of these 3 prongs, this Court has jurisdiction to review the interlocutory appeal. ***See id.*** at 441.

> Importantly, the collateral order doctrine embodied in Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

***Carolino East Brandywine, L.P. v. Brandywine Village Associates***, 260 A.3d 179, 193 (Pa. Super. 2021) (internal quotation marks and citations omitted). Furthermore, our Supreme Court has cautioned that we temper our

application of the collateral order doctrine, mindful "that a party may seek an interlocutory appeal by permission pursuant to Pa.R.A.P. 312." **Shearer v. Hafer**, 177 A.3d 850, 858 (Pa. 2018) (footnote and citation omitted).

The trial court order at issue in this appeal dismissed Giorgio's motion for summary judgment. **See** Trial Court Order, 10/18/24. Giorgio avers the order is collateral because it raises the issue of immunity under the WCA, which implicates an exclusive remedy from suit. **See** Notice of Appeal, at 1; **see also** Appellant's Brief, at 8. Specifically, Giorgio argues this issue "is separable from and collateral to the main cause of action, the right is too important to be denied review, and the question presented will be irreparably lost if postponed until final judgment." Appellant's Brief, at 4.

In support of its position, Giorgio analogizes this case to **Pridgen v. Parker Hannifin Corp.**, 905 A.2d 422, 433 (Pa. 2006), **Yorty**, and **Brooks v. Ewing Cole, Inc.**, 259 A.3d 359 (Pa. 2021).

**Pridgen** involved the application of an 18-year statute of repose enacted under the General Aviation Revitalization Act of 1994 ("GARA"), 49 U.S.C.A. § 40101. Claims for death, injury, and property damage involving certain types of aircraft asserted against manufacturers generally were barred if the accident occurred more than 18 years after the delivery of the aircraft to the first purchaser. **See Pridgen**, 905 A.2d at 424. The appellants unsuccessfully moved for summary judgment based upon the immunity from suit conferred upon them by GARA. **See id.** at 425-26. Upon review, our

Supreme Court examined whether an interlocutory appeal, pursuant to the collateral order doctrine, existed from the order denying summary judgment. The issue presented for collateral review in **Pridgen** concerned application of the rolling provision to the original manufacturer and type certificate holder under the terms of GARA. **See id.** at 432. Our Supreme Court found that "to resolve the legal claim presented, an appellate court's frame of reference will be centered on the terms of GARA, not on determinations of fact or the scope of Appellant's liability in the first instance." **Id.** at 433.

**Yorty** involved application of an immunity defense from a Tariff granted by the Federal Energy Regulatory Commission ("FERC"). In denying a motion for summary judgment, the trial court ruled that there was no affirmative act of Congress authorizing the FERC to grant immunity to regional transmission organizations from tort claims. **See Yorty**, 79 A.3d at 659. Pertinently, this Court held that appellate review was warranted under the collateral order doctrine because the legal question of whether immunity could be granted to a regional transmission organization under the Tariff was factually distinct from the underlying negligence action. **See id**. at 661.

Finally, in **Brooks**, a courthouse visitor brought a personal injury action against a family court after she was allegedly injured while walking into an unmarked glass wall at the family court building. **See Brooks**, 259 A.3d at 361. The trial court denied the family court's motion for summary judgment based on the defense of sovereign immunity. **See id.** at 362. Upon review,

our Supreme Court ruled that the order denying the family court's motion for summary judgement on its defense of sovereign immunity was an appealable collateral order because the issue was a purely legal question that did not require examination of the merits of the underlying claim. *See id.* at 372. Specifically, the issue the family court sought to raise on appeal was whether it was a "Commonwealth party" subject to the Sovereign Immunity Act's waiver of immunity. *See id.* The Court found this issue is a purely legal question that can be resolved by focusing on the Act and did not necessitate an examination of the merits of Brooks's negligence claim. *See id.*

There is no question that the issues presented for review in the above three cases were questions of law. They each involved consideration of the terms of legal acts or doctrines. That is simply not the case here. Giorgio has focused the substantive challenge it seeks to raise on appeal on whether or not they controlled the work Hailu performed and how he performed it, rendering Hailu a borrowed employee and entitling Giorgio to immunity under the WCA. The trial court's opinion on appeal reveals the basis for its decision is that Giorgio failed to present sufficient evidence to make the above factual determination. *See* Trial Court Opinion, 5/5/25, at 4. The court found the record is simply not developed enough at this stage of litigation. *See id.* Notably, the court did not forestall that the record could be more developed in the future to make such a determination.

Giorgio seeks to demonstrate that there are no material facts in dispute concerning whether they control Hailu's work. Resolution of this determination entails a fact-based review of depositions and other discovery materials, as opposed to resolution of a central legal controversy. *See Johnson v. Jones*, 515 U.S. 304, 313–20 (1995).

We cannot find Giorgio's framing of the central question presented is consistent with an appropriate application of the collateral order doctrine under the United States Supreme Court's distinction between summary judgment orders reflecting legal versus factual determinations. *See id.*

Applicability of the borrowed employee defense simply does not present a purely legal question. *See Yorty*, 79 A.3d at 660. Relevantly, the test for determining whether an employee furnished by one person to another becomes the employee of the person to whom he is loaned is

> whether he passes under the latter's right of control with regard not only to the work to be done but also to the manner of performing it. The entity possessing the right to control the manner of the performance of the servant's work is the employer, irrespective of whether the control is actually exercised. Other factors which may be relevant include the right to select and discharge the employee and the skill or expertise required for the performance of the work. The payment of wages may be considered, but is not a determinative factor. **Although the examination of these factors guides the determination, each case must be decided on its own facts.**

*JFC Temps, Inc.*, 680 A.2d 862, 864 (Pa. 1996) (citations omitted) (emphases added).

The test is whether Giorgio had the right to direct and control Hailu's work and the manner of its performance, which is a factual, not a legal, question. *See id.* The trial court found it is unclear from the evidence presented, so far, who had the right to control Hailu's work and the manner in which it was performed and that a much more detailed factual record is needed to resolve this issue. The trial court notes:

> Here, the evidence is not clear from doubt. [Giorgio]'s evidence consists of testimony that someone at the warehouse provided [Hailu] some type of instruction vis-à-vis hand gestures. There is no description of what the gestures were. There is no evidence as to who that individual was.
>
> To further muddy the water, [Giorgio] concede[s] that [ACCU] provided training to its employees but failed to identify the type of training provided. It is unknown if a representative of [ACCU] was on site or to whom non-Spanish speakers were to report. [] Giorgio [is] silent as to the other elements under the borrowed servant doctrine.

Trial Court Opinion, 5/5/25, at 4. At this stage of the litigation, assessing whether Hailu sufficiently passed under Giorgio's control would require this Court to make factual inquiries beyond the permissible scope of collateral jurisdiction. *See Yorty*, 79 A.3d at 660; *see Calabretta*, 241 A.3d at 443 (finding appellate review under collateral review doctrine inappropriate where review of issue would require a fact-based inquiry).

Accordingly, we lack jurisdiction to review the trial court's interlocutory order and quash this appeal. *See Carolino East Brandywine*, 260 A.3d at 193.

Appeal quashed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/25/2026</u>